UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATT RHOADES, TRUSTEE, INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEGLER CONCRETE FINISHING LLC an Illinois corporation; Clerk's Entry of Default entered on 2/23/24,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 1:23-cv-02210-JPH-MKK<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On December 8, 2023, Plaintiffs filed a complaint against Defendant, Segler Concrete Finishing LLC, seeking damages for unpaid employer contributions. Dkt. 1. Defendants have not responded or defended this case. On February 23, 2023, clerk's entry of default was entered against Segler. Dkt. 9. Plaintiffs have filed a renewed motion for default judgment. Dkt. [14]. For the reasons that follow, that motion is **GRANTED**.

  **A.**   **Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*,

1

811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Segler, dkt. 9, and Plaintiffs seek default judgment. The allegations in the complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B. Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, Plaintiffs seek unpaid contributions. Dkt. 14. Their damages can be calculated from definite figures in Plaintiffs' evidence, so a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

Under 29 U.S.C. § 1132(g)(2)(A), the Court shall award unpaid contributions when entering judgment in favor of a plan. Plaintiffs request $42,500.00 in unpaid contributions, including late charges. Dkt. 14 at 1–2. In support, they have provided an affidavit from Donald D. Schwartz, counsel to the Plaintiffs' Funds. Dkt. 14-1. That affidavit explains that, based on the ledger reflecting the payments required and payments made, Segler owes

$42,500.00 in unpaid contributions including late charges. *Id.* at 3. Plaintiffs also provided a copy of the installment note, that shows the parties entered into an agreement to pay the delinquent balance of $45,500.00. Dkt. 15 at 1. Since $3,000 has been paid, *see* dkt. 15-1 at 2; dkt. 14-1 at 3, Segler owes the remaining unpaid balance, including late charges, totaling $42,500.00. *Id.*

This uncontested affidavit and supporting exhibits are enough to support Plaintiffs' unpaid-contributions damages request. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $42,500.00 in unpaid contributions including late charges.

## Conclusion

Plaintiffs' motion for default judgment is **GRANTED**. Dkt. [14]. They are entitled to unpaid contributions including late charges totaling $42,500.00. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 5/20/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel